```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
```
ELIEZER MARTINEZ RODRIGUEZ,

        Plaintiff,

  -against-

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
```
------------------------------------------------x
```

**MEMORANDUM AND ORDER**

Case No. 1: 18-cv-7390-FB

*Appearances:*
*For the Plaintiff*:
MARK J. KELLER, ESQ.
90-27 Sutphin Boulevard
Jamaica, New York 11435

*For the Defendant*:
RICHARD P. DONOGHUE, ESQ.
United States Attorney
Eastern District of New York
271 Cadman Plaza East, 7th Floor
Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

      Eliezer Martinez Rodriguez seeks review of the Commissioner of Social Security's denial of his application for supplemental security income. Both parties move for judgment on the pleadings. For the following reasons, Rodriguez's motion is granted, the Commissioner's motion is denied, and the case is remanded for the calculation and payment of benefits.

I

      Plaintiff filed an application for benefits on July 23, 2015. His application was denied, and he requested a hearing before an ALJ. After the hearing, the ALJ

ruled that plaintiff was disabled from May 28, 2015 through January 31, 2017, but not thereafter. For February 1, 2017 to the present, the ALJ assigned an RFC of

> sedentary work . . . except that he can sit for up to 6 hours in an 8-hour day, and stand and/or walk for 2 hours in an 8-hour day. He is restricted to jobs that allow for a 'sit/stand option' every hour for 5 minutes. He is further restricted to jobs that involve simple, routine, repetitive type tasks requiring only occasional contact with supervisors and co-workers, and contact only 2 to 4 times per day with the general public.

AR 30. The Appeals Council declined review.

## II.

"In reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004); *see also* 42 U.S.C. § 405(g). "Substantial evidence . . . means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (internal quotation marks and alterations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

## III.

Plaintiff argues that the ALJ improperly afforded no weight to the opinion of his treating psychiatrist—Dr. Lynda Smith-Harris—in concluding that his mental impairments sufficiently improved after January 30, 2017.

The treating physician rule dictates that the opinion of a treating physician as to the nature and severity of an impairment is given controlling weight unless it is

"[in]consistent with other substantial evidence in the record." *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004). The Second Circuit recently provided additional guidance for the treating physician rule when dealing with mental impairments:

> [D]octors who have not treated or examined a patient are generally entitled to less deference. . . . The treatment provider's perspective would seem all the more important in cases involving mental health, which are not susceptible to clear records such as x-rays or MRIs. Rather, they depend almost exclusively on less discretely measurable factors, like what the patient says in consultations.

*Flynn v. Comm'r of Soc. Sec. Admin.*, 729 F. App'x 119, 122 (2d Cir. 2018).

After February 1, 2017, Dr. Smith-Harris opined that plaintiff's ongoing mental impairments significantly limit his ability to work, noting that plaintiff would be off task more than 20% of the time. The Vocational Expert that testified at plaintiff's hearing concluded that if plaintiff were off task more than 10% of the time, then he would be unemployable.

However, the ALJ gave no weight to Dr. Smith-Harris' opinion because it was "inconsistent" with the treatment records. This contravenes the Second Circuit holding in *Flynn*—that mental illnesses "are not susceptible to clear records." *Id.*

Regardless, a detailed review of the record shows that Dr. Smith-Harris' opinion is supported by substantial evidence. For one, plaintiff's treating internist, Dr. Yakov Perper, also opined that plaintiff would be off task more than 20% of the time. Additionally, plaintiff was hospitalized on numerous occasions since February 1, 2017 for depression and suicidal ideations. Specifically, on October 26, 2017,

doctors at Jamaica Hospital Medical Center diagnosed plaintiff with "worsening" major depressive disorder. Evidently, any improvements in plaintiff's mental health around February 1, 2017 were short-lived.

Because the record supports Dr. Smith-Harris' opinion that plaintiff's mental impairments render him disabled, it would serve "no purpose" to remand for further proceedings. *Parker v. Harris,* 626 F.2d 225, 235 (2d Cir. 1980) (remand for benefits calculation is warranted when "the record provides persuasive proof of disability and a remand for further evidentiary proceedings would serve no purpose").

### III

For the foregoing reasons, Rodriguez's motion is GRANTED and Commissioner's motion is DENIED. The matter is remanded solely for the calculation and payment of benefits from February 1, 2017 to the present.

**SO ORDERED.**

                                                   /S/ Frederic Block
                                                   FREDERIC BLOCK
                                                   Senior United States District Judge

Brooklyn, New York
August 5, 2020